**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOMKHIT NASEE; WISIT KAMPILO; BUNSRI NAMETHA,

          Plaintiffs - Appellees,

  v.

GLOBAL HORIZONS MANPOWER, INC.; PLATTE RIVER INSURANCE COMPANY; ACCREDITED SURETY AND CASUALTY COMPANY, INC.; VALLEY FRUIT ORCHARDS, LLC; GREEN ACRE FARMS, INC.,

          Defendants,

  and

MORDECHAI ORIAN,

          Defendant - Appellant.

No. 10-35161

D.C. No. 2:06-cv-03048-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 9, 2011[**]
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

Defendant-Appellant Mordechai Orian appeals the district court's denial of his motion for attorney fees. We affirm.

Though the district court unquestionably possessed the power to award Orian fees, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), Orian has not shown that a fee award was required by any federal statute or precedent. The court's decision not to award fees was not an abuse of discretion. Similarly, the district court did not abuse its discretion by exercising its inherent power to deny Orian's motion for fees brought pursuant to Washington Revised Code § 19.30.170(1). *See Chambers*, 501 U.S. at 55 (holding that a district court's power to fashion a sanction under inherent powers trumps state policy to the contrary); *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) (holding that a district court's power to sanction survives lack of subject-matter jurisdiction).

**AFFIRMED.**

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).